UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROXANNE THOMAS and<br>JAMES THOMAS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GEICO CASUALTY COMPANY,<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. _____<br><br>CASE BELOW:<br>Circuit Court of Cook County, County<br>Department, Chancery Division, Illinois<br><br>Case No. 2020 CH 05163 |

## **NOTICE OF REMOVAL**

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GEICO Casualty Company ("GEICO") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, GEICO states as follows:

### Introduction

1.　Plaintiffs are GEICO auto insurance policyholders who have brought a proposed class action Complaint over GEICO's Giveback Program. The Giveback Program is a 15% credit for GEICO's renewing and new auto insurance policyholders for a six-month period due to the pandemic. Plaintiffs bring claims under the Illinois Consumer Fraud Act, common-law fraud, unjust enrichment, bad faith breach of contract, and declaratory relief. In sum, Plaintiffs believe

that the Giveback Program is inadequate, and that GEICO concealed the Giveback Program's purported inadequacy from its policyholders.

2. GEICO denies Plaintiffs' allegations, and Plaintiffs' suit is subject to dismissal on several grounds. Nevertheless, assuming Plaintiffs' allegations are true for the purposes of determining jurisdiction, this suit is properly removed to this Court under CAFA, as GEICO has satisfied all of its substantive and procedural requirements. This asserted class action meets the diversity, putative class size, and amount in controversy requirements. For example, there are many thousands of GEICO policyholders in Illinois, both new and renewing, who would be purportedly subject to this class action, where additional premium credits would greatly exceed $5 million. GEICO therefore exercises its right to remove this case to federal court.

**Background**

3. On July 29, 2020, Plaintiffs Roxanne Thomas and James Thomas filed their Class Action Complaint against GEICO in the Chancery Division, County Department, of the Circuit Court of Cook County, Illinois, Case No. 2020 CH 05163.[1]

4. Plaintiffs served GEICO on October 6, 2020. GEICO attaches the complete State Court Record, including the Complaint and affidavit of service, as Exhibit 1.

5. In this action, Plaintiffs contend that GEICO has charged "grossly excessive" premiums to its Illinois policyholders, and that its premium has been "grossly inadequate and designed to secure for GEICO an unearned and unfair windfall." (Compl. ¶¶ 22, 24.) It alleges claims for common-law fraud, bad faith breach of contract, unjust enrichment, as well as claims under the Illinois Consumer Fraud Act and for declaratory judgment.

---

[1] On the same day, counsel for these Plaintiffs filed three separate lawsuits in the same court against separate insurers on behalf of separate putative class representatives over premium relief programs alleging various claims.

6. Plaintiffs' attacks on GEICO's Giveback Program are already subject to pending litigation in the United States District Court for the Northern District of Illinois before the Honorable Sharon J. Coleman. *Brianna Siegal v. GEICO Casualty Company et al.*, No. 1:20-cv-04306 (attached as Exhibit 2). In *Siegal*, Plaintiffs bring a proposed class action Complaint over GEICO's Giveback Program, alleging violations of the Illinois Consumer Fraud Act, as well as claims for unjust enrichment, frustration of purpose, and breach of contract. Plaintiffs believe that the Giveback Program is inadequate.

7. In the Thomas Complaint, Plaintiffs seek a judgment that accomplishes the following: certifying the proposed class and appointing class counsel; declaring the parties' rights, duties, status, or other legal relations; entering the judicial declaration sought by the Complaint; and awarding costs and any other relief that the Court deems just and appropriate. (Compl., at p.16).

8. GEICO disputes Plaintiffs' allegations and anticipates filing a motion to dismiss Plaintiffs' Complaint. It is apparent from the face of the Complaint that Plaintiffs' suit is subject to dismissal on various grounds. Nevertheless, for the limited purpose of assessing whether this suit meets the requirements for removal, Plaintiffs' allegations are accepted as true. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (neither the inability of plaintiff to recover an amount adequate to give the court jurisdiction, nor the fact that the complaint discloses the existence of a valid defense, oust federal jurisdiction); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (courts typically rely on the damages alleged in the complaint to determine whether the amount in controversy is satisfied for removal); *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 580 n.26 (7th Cir. 2017) (defendant may rely on

an estimate of the potential damages from the allegations in the complaint) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)).

9. As set forth more fully below, this case is properly removed to this Court under CAFA and pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. GEICO has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).[2]

### GEICO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10. GEICO's removal of this action to this Court is timely. Plaintiffs served their Complaint and summons on GEICO on October 6, 2020. This Notice of Removal has been filed within 30 days of the Complaint being served on GEICO. 28 U.S.C. § 1446(b)(1).

11. Venue is proper in this Court because the Circuit Court of Cook County, Illinois, County Department, Chancery Division is located in the Northern District of Illinois, Eastern Division. 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court … for the district and division embracing the place where such action is pending").

12. As required under 28 U.S.C. § 1446(a), GEICO has attached copies of all process, pleadings, and orders served upon GEICO with respect to this action. (*See* Exhibit 1.)

---

[2] GEICO expressly reserves all arguments against class certification. GEICO waives no argument that this matter is improper for class certification by arguing that this matter is removable under 28 U.S.C. § 1332. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806-07 (7th Cir. 2010) (federal jurisdiction under CAFA does not depend on certification); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 396 (7th Cir. 2011) (district court's later denial of class certification does not oust the court's subject-matter jurisdiction based on CAFA) (citing *Cunningham Charter Corp.*, 592 F.3d at 806).

13. As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

**THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA**

14. This case is removable under CAFA. CAFA was enacted to "grant broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (citation omitted). Under CAFA, this Court has jurisdiction over any asserted class action[3] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

15. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.,* S. Rep. No. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

---

[3] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs asserted their class allegations pursuant to Illinois' similar class action rule. *See* Compl. ¶ 29 (seeking certification of the class pursuant to 735 ILCS 5/2-801).

### THE MINIMAL DIVERSITY REQUIREMENT IS SATISFIED

16. Plaintiffs allege that they are residents of the State of Illinois (Compl. ¶ 3). GEICO accordingly alleges that Plaintiffs are citizens of Illinois.

17. Plaintiffs allege that GEICO Casualty Company is a Nebraska corporation. (Compl. ¶ 4). GEICO disputes this allegation, and notes that it is organized and headquartered in Maryland. (*See* Declaration of Karen Brinster, attached as Exhibit 3, ¶¶ 3-4.) GEICO is thus not a citizen of Illinois.

18. Because Plaintiffs and GEICO are citizens of different states, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is readily satisfied.

### CAFA'S CLASS SIZE REQUIREMENT IS SATISFIED

19. Plaintiff proposes a class of "all Illinois residents who were auto insurance policyholders of GEICO [] as of March 1, 2020, and who have thereafter continued to be GEICO auto policyholders." (Compl. ¶ 28.)

20. Plaintiff "believes that the proposed class includes over 1,000 members." (Compl. ¶ 29(a).)

21. GEICO submits that the putatively proposed class would greatly exceed 1,000 members. There were over 314,000 GEICO Illinois policyholders as of March 1, 2020, and there are currently over 314,000 in Illinois. (*See* Brinster Declaration, attached as Exhibit 3, ¶ 6.) There has been over $37 million returned to these Illinois policyholders under the Giveback Program. *Id*., at 8.

### THERE IS MORE THAN $5 MILLION IN CONTROVERSY

22. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014). To establish the amount, a defendant need not submit proof to establish it, but rather "may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89 (citation omitted). *See also Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The requirement is satisfied where the defendant "provide[s] a good-faith estimate that plausibly explains how the stakes exceed $5 million." *Appert*, 673 F.3d at 617. "When removing a suit, the defendant … is entitled to present its own estimate of the stakes…." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

23. While GEICO disputes that Plaintiffs have stated viable claims, or that any damages whatsoever are owed to Plaintiffs or the asserted class, the amount in controversy is shown on the possible recovery if Plaintiff and the class wins on all of its claims. The merits and prospects are irrelevant to the analysis. *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Roppo*, 869 F.3d at 578.

24. Plaintiffs' Complaint purports to seek a declaratory judgment and entry of judgment for common-law fraud, unjust enrichment, bad faith breach of contract, and the Illinois Consumer Fraud Act. (*See* Compl., at p. 16.). GEICO's estimate of the stakes includes the following types of damages from these claims: compensatory damages for alleged breach of contract; punitive damages under the common-law and statutory theories; statutory damages for attorneys' fees; and declaratory relief. In the aggregate, these potential damages greatly exceed $5 million in controversy.

25. **Potential Compensatory Damages in Controversy.** GEICO reasonably anticipates that the putative class members seek millions of dollars in compensatory damages. GEICO has over 314,000 policyholders in Illinois. Exhibit 3, at 6. They have purchased insurance billed for over $325 million in premium in 2020. *Id*., at 7. The premium credit for these policyholders has exceeded $37 million under the Giveback Program. *Id.*, at 8. Because Plaintiff alleges that this premium credit was "grossly inadequate" (Compl. ¶ 24), GEICO reasonably expects that Plaintiff will seek at least double the premium credit already paid to Illinois policyholders. On that basis alone, the amount in controversy is satisfied at over $37 million.

26. Furthermore, Plaintiff alleges at least a 42% drop in miles driven by putative class members for a purportedly relevant six-week time period. (Compl. ¶ 18). Assuming that this percentage matches the total credit sought, the amount in controversy for the putative class claims would be over $64 million in compensatory damages alone (if one takes the $37 million credit and extrapolates it through 2020 using a ratio of 15% to 42%).

27. **Potential Punitive Damages in Controversy.** Plaintiff demands judgment for "such other and further relief as this Court deems just and appropriate." (Compl. at Prayer for Relief). Plaintiff asserts claims for which punitive damages would potentially be available under Illinois law. [While GEICO disputes that they would be properly recoverable, it is irrelevant for purposes of assessing removability.]

28. Potential punitive damages may be considered whether or not specifically sought in the Complaint. *See, e.g., Back Doctors*, 637 F.3d at 831 (factoring in potential punitive damages because the plaintiffs could amend their complaint to add such a claim).

29. The Court should apply a multiplier to potential compensatory damages in order to determine the amount of punitive damages in controversy. The Seventh Circuit has applied a

multiplier of five in another case seeking a refund of automobile insurance premiums under Illinois law. *Keeling v. Esurance Insurance Co.*, 600 F.3d 273, 275 (7th Cir. 2011) (finding potential $3 million punitive award on alleged $600,000 in alleged actual damages) (reversing district court to hold that CAFA was satisfied).

30. With a multiplier of five, only $1 million in potential compensatory damages need be shown to satisfy CAFA, and, here, as shown above, the potential compensatory damages are far greater.

31. **Potential Costs of Declaratory Judgment.** The Court should value the potential impact prospective declaratory relief would have on GEICO. *Home Depot v. Rickher*, No. 06-8006, 2006 U.S. App. LEXIS 32391, at **2-5 (7th Cir. 2006) (valuing costs of injunction upon future business conduct); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 610 (7th Cir. 1997) (factoring in cost of equitable relief to satisfy amount in controversy requirement).

32. Plaintiff alleges that GEICO is charging "grossly excessive" premiums for both existing policyholders and new policyholders going forward. (Compl. ¶ 22). Plaintiff seeks a declaration that GEICO has received "and will continue to" receive an "unfair windfall" of premium. *Id.*, ¶ 32.

33. Thus, Plaintiff seeks declaratory relief that GEICO must charge different automobile insurance rates in the future than it has charged before. Plaintiff seeks to force GEICO to charge lesser rates as a result of a judgment of this Court.

34. If the pandemic lasts another 12 months, Plaintiff would be seeking to lessen premiums by as much as an extra 200% of its potential compensatory damages as stated above.

*35.* **Potential Attorneys' Fees in Controversy.** Potential legal fees under the statutory claims should be included too. Attorneys' fees may be awarded under the Consumer Fraud Act

9

claim. 815 ILSC 505/10a(c). It is reasonable to believe that it is possible that Plaintiff, if it prevails, will seek at least $1-2 million in attorneys' fees through a lodestar award or as a percentage of a common fund.

36. For all the foregoing reasons, GEICO has demonstrated that all prerequisites for CAFA jurisdiction have been met.

**WHEREFORE**, Defendant GEICO Casualty Company hereby removes this civil action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to this Court, under the Class Action Fairness Act of 2005.

Respectfully submitted,

GEICO CASUALTY COMPANY

By: //ss// Lisa T. Scruggs

One of its Attorneys

Lisa T. Scruggs (#6256650)
Ronald M. Lepinskas (#6216428)
DUANE MORRIS, LLP
190 South LaSalle, Suite 3600
Chicago, IL 60603
ltscruggs@duanemorris.com
rmlepinskas@duanemorris.com

Damon N. Vocke
(*Admission To Be Sought Pro Hac Vice*)
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
dnvocke@duanemorris.com